IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : |  |
|  | : |  |
| v. | : | Criminal No. DKC 15-0316-003 |
|  |  | Civil Action No. DKC 19-2893 |
|  | : |  |
| ANTHONY NILES |  |  |
|  | : |  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion filed by Petitioner Anthony Niles to vacate, set aside, or correct sentence. (ECF No. 212). An evidentiary hearing was held December 10, 2021. As stated at the hearing, the motion will be granted.

**I.   Background**

Mr. Niles was charged by an Indictment filed June 3, 2015, with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (count one) and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a) and 18 U.S.C. § 2 (count two). He was appointed counsel pursuant to the Criminal Justice Act.

**A.   Plea Agreement**

On March 4, 2016, Mr. Niles entered into an agreement with the government to plead guilty to count one of the Indictment.

Notably, for present purposes, the agreement included a limited waiver of the right to appeal:

> The Defendant [Mr. Niles] and this Office [the government] knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows:  (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the guidelines range for a sentence based upon an adjusted offense level of 30; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the guidelines range for a sentence based upon an adjusted offense level of 27.

(ECF No. 114 ¶ 14.b.).

At Mr. Niles' rearraignment, he acknowledged that he had reviewed the document with counsel, that he understood and agreed to its content, and that he was satisfied with the representation of his attorney.  (ECF No. 190).

**B.   Sentencing**

On May 9, 2016, the court imposed the mandatory minimum sentence of 120 months and advised Mr. Niles that, although he

gave up some of his rights to appeal as part of the plea agreement, any notice of appeal must be noted in writing within two weeks of the entry of the judgment. (ECF No. 160, p. 26).

### C.  Postconviction

Mr. Niles filed an appeal on August 16, 2018. (ECF No. 196). The United States Court of Appeals for the Fourth Circuit dismissed his appeal as untimely on November 6, 2018. (ECF No. 203). The mandate issued November 28, 2018. (ECF No. 205).

The court received Mr. Niles' pending motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 on October 17, 2019. (ECF No. 212). Mr. Niles raises one ground – that his attorney failed to note an appeal after he requested him to do so. The government was directed to respond and did so on December 23, 2019. (ECF No. 214). The court appointed Mary Elizabeth Davis to represent Mr. Niles on December 27, 2019. (ECF No. 215).

## II.  Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."

**III. Analysis**

Claims of ineffective assistance of counsel are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim under *Strickland*, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, Mr. Niles must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Mr. Niles faults his trial counsel for failing to file a notice of appeal. In the Fourth Circuit "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *Poindexter*, 492 F.3d at 273. Like the instant case, *Poindexter* involved a defendant who signed a plea agreement containing explicit limitations on the right to appeal. After a sentence within the guidelines was imposed and no appeal was noted, the defendant filed

4

a § 2255 motion alleging, in part, that "he was denied the effective assistance of counsel when his attorney failed to file a timely notice of appeal after he unequivocally instructed his attorney to do so." *Poindexter*, 492 F.3d at 266. That motion was denied by the district court, without an evidentiary hearing, on the basis that the defendant could not prevail because he "was sentenced within the sentencing range established by the Sentencing Guidelines and, therefore, any challenge to his sentence would fall under the appeal waiver contained in the plea agreement." *Id*. at 267.

In vacating the district court's ruling, the Fourth Circuit relied principally on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), for the propositions that "an attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner" and that "a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal." *Poindexter*, 492 F.3d at 268 (citing *Flores-Ortega*, 528 U.S. at 477, 483). Thus, in the Fourth Circuit's view, "[o]nce Poindexter unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so"; by failing to do so, "his attorney acted in a professionally unreasonable manner"; and "[b]ecause his

5

attorney's unprofessional conduct resulted in Poindexter losing his appellate proceeding, he [] established prejudice under *Flores-Ortega* as well." *Id*. at 269; *see also United States v. Wright*, --- Fed.Appx. ----, 2013 WL 4258360, at *1 (4th Cir. Aug. 12, 2013) ("counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance") (citing *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993)).

Here, the record reflects that Mr. Niles asked his attorney to file a notice of appeal when they were still in the courtroom after sentencing and that his counsel failed to do so. Under *Poindexter*, that failure amounts to constitutionally ineffective assistance of counsel.

For these reasons, Mr. Niles is entitled to relief in the form of a belated appeal. *See Gordon-Bey v. United States*, Civ. No. RDB-11-2760, Crim. No. RDB-08-0123, 2013 WL 1431658, at *1 (D.Md. Apr. 8, 2013) (granting belated appeal, without a hearing, where the government did not dispute petitioner's allegation that his counsel failed to comply with request to file notice of appeal).

**IV. Conclusion**

For the foregoing reasons, Mr. Niles' motion to vacate, set aside, or correct sentence will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
